UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA VANDERWERKEN,

                Plaintiff,

vs.                          Case No.   2:05-cv-411-FtM-29SPC

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for EAJA Fees (Doc. #20), filed on May 18, 2006.  The Commissioner filed an Amended Response (Doc. #22) on May 24, 2006, however, a clarification was requested and an Amended Response (Doc. #24) was filed thereafter on June 23, 2006.

Plaintiff in this cause sought judicial review of the final decision of the Commissioner of Social Security of the Social Security Administration (the Commissioner) denying her claim for a period of disability and Disability Insurance Benefits.  On April 21, 2006, the Court entered an Order (Doc. #18) granting the Commissioner's Unopposed Motion for Entry of Judgment With Remand (Doc. #17), reversing and remanding the case to the Commissioner pursuant to sentence four, and directing the entry of judgment. Judgment (Doc. #19) was entered on April 24, 2006.

**A.   Entitlement To Fees and Expenses:**

In order for plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA), the following five (5) conditions must be established:  (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990).

The Court finds that all conditions for the EAJA fees have been satisfied and the Commissioner does not otherwise object to Plaintiff's establishment of any of the above conditions.

**B. Calculation of Reasonable Attorney Fees:**

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988), aff'd 496 U.S. 154 (1990).  The resulting fee carries a strong presumption that it is the reasonable fee. City of Burlington v. Daque, 505 U.S. 557, 562 (1992).  The parties have negotiated a settlement as to the appropriate amount of fees, which is less than the amount requested by plaintiff's counsel.  Finding that the negotiated amount

represents a reasonable hourly rate and number of hours, the Court will award $4,304.00 as attorney's fees.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for EAJA Fees (Doc. #20) is **GRANTED** to the extent that attorney fees in the amount of **$4,304.00** for Carol Avard shall be awarded to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2142(d). The Clerk shall enter an Amended Judgment accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of June, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record